UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0403(4) (PJS/FLN) |
| | Case No. 17-CV-0788 (PJS) |
| Plaintiff, | |
| v. | |
| | ORDER |
| LAQUEDRICK LEMEL AS-SIDIQ, | |
| Defendant. | |

David P. Steinkamp, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

James E. Ostgard, for defendant.

Defendant LaQuedrick As-Sidiq pleaded guilty to aiding and abetting the distribution of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Court determined that As-Sidiq's Guidelines range was 151 to 188 months, varied downward, and sentenced As-Sidiq to 120 months in prison. *See* ECF No. 333 at 1-2; ECF No. 334 at 1. As-Sidiq then brought this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* ECF Nos. 365, 394. The Court appointed attorney James Ostgard to represent As-Sidiq in connection with his § 2255 motion.

As-Sidiq's main argument is that his trial counsel was ineffective for failing to argue that As-Sidiq should not have been sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines because two of his prior convictions were

not "controlled substance offenses." The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (1) his counsel's performance "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for [his] counsel's . . . errors, the result of the proceeding would have been different." *Id.* at 688, 694.

To be classified as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). A "controlled substance offense" is an offense prohibiting the distribution of a controlled substance, or the "possession of a controlled substance . . . with intent to . . . distribute." U.S.S.G. § 4B1.2(b).

As-Sidiq has two prior convictions for third-degree sale of narcotics in violation of Minn. Stat. § 152.023, subd. 1(1). Minnesota law defines the word "sale" to mean to distribute or "offer" to distribute a controlled substance. Minn. Stat. § 152.01, subd. 15a(1)-(2). In theory, then, As-Sidiq could have been convicted of third-degree sale of narcotics for *offering* to sell narcotics without actually distributing narcotics or possessing narcotics with intent to distribute. *See State v. Lorsung*, 658 N.W.2d 215, 218 (Minn. Ct. App. 2003) (holding that Minnesota's drug-sale statutes do not have a specific-intent requirement).

Had As-Sidiq's attorney pointed this out to the Court at sentencing, one of two things would have happened. First, the Court may have found that Minn. Stat. § 152.023, subd. 1(1) was indivisible, applied the categorical approach, and found that As-Sidiq's prior convictions were not "controlled substance offenses." Second, the Court may have followed the lead of *United States v. Wright*, 567 F. App'x 564, 566-68 (10th Cir. 2014), found that Minn. Stat. § 152.023, subd. 1(1) was divisible, applied the modified categorical approach, consulted the *Shepard* documents, and, depending on what those documents disclosed, found that each of As-Sidiq's prior convictions was or was not a "controlled substance offense." *See Shepard v. United States*, 544 U.S. 13 (2005).

But the question here is not whether As-Sidiq was a career offender. The question here is whether As-Sidiq's lawyer was constitutionally ineffective for failing to argue that As-Sidiq's prior convictions for third-degree sale of narcotics were not "controlled substance offenses" for Guidelines purposes. Again, to establish that he did not receive effective assistance of counsel, As-Sidiq "must show that his counsel's performance was both deficient and prejudicial." *Covington v. United States*, 739 F.3d 1087, 1090 (8th Cir. 2014) (citing *Strickland*, 466 U.S. at 687). In other words, As-Sidiq "must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer

-3-

had performed competently (prejudice)." *Id.* (citation omitted). In applying the first part of this test, the Court must evaluate the lawyer's performance without the benefit of hindsight, and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

A recent Eighth Circuit case illustrates the difficulty of overcoming this presumption. In *Kelly v. United States*, 819 F.3d 1044 (8th Cir. 2016), the district court sentenced the defendant to 144 months after the defendant's lawyer failed to object to the application of a career-offender enhancement. *Id.* at 1046. The defendant then filed a § 2255 motion claiming that his lawyer was ineffective for failing to argue that he was not a career offender because "his prior conviction for domestic-abuse assault did not qualify as a crime of violence under U.S.S.G. § 4B1.2(a)." *Id.* at 1046-47. The defendant identified two Eighth Circuit cases that his lawyer could have cited in support of this argument.

One of the cases stated that an assault conviction under Iowa law for "placing another in fear of imminent physical contact" was not "an offense that 'has, as an element, the use or attempted use of force.'" *United States v. Smith*, 171 F.3d 617, 620 (8th Cir. 1999). The other of the cases held that an assault conviction for "merely insulting or provocative contact" was not a predicate offense for career-offender purposes. *United States v. Ossana*, 638 F.3d 895, 900, 904 (8th Cir. 2011). The defendant

in *Kelly* argued that *Ossana* "provide[d] a clear roadmap for a successful objection to the use of his Iowa domestic-abuse-assault conviction as a predicate offense." *Kelly*, 819 F.3d at 1049.

The Eighth Circuit found that the defendant in *Kelly* had failed to establish that he received ineffective assistance of counsel. The Eighth Circuit pointed out that the statement in *Smith* was dicta, not binding law. *Id.* at 1050. And the Eighth Circuit said that *Ossana* did not "foreclose[]" the district court from using the modified categorical approach to determine whether the defendant had been convicted for something more than "merely insulting or provocative contact." *Id.* at 1049-50. In short, neither *Smith* nor *Ossana* required the defendant's lawyer to conclude that the defendant's assault conviction was not a predicate offense for career-offender purposes. Therefore, "[g]iven the absence of a clearly controlling precedent requiring a different course of action, and in light of the substantial deference we afford trial counsel," the defendant's lawyer's "performance at sentencing was objectively reasonable." *Id.* at 1050-51.

Here, too, when As-Sidiq was sentenced, there was no "clearly controlling precedent" holding that As-Sidiq's prior convictions were not predicate offenses for career-offender purposes. To be sure, there were a few cases that As-Sidiq's lawyer could have cited in making this argument. But none of those cases was "clearly controlling."

For example, As-Sidiq's lawyer could have cited a Fifth Circuit case that held that an offer to sell narcotics under a similar Texas statute was not a "controlled substance offense" for purposes of the Guidelines. *See United States v. Price*, 516 F.3d 285, 287-89 (5th Cir. 2008). *Price* would have supported As-Sidiq's position by analogy. But *Price* said nothing about the Minnesota statute under which As-Sidiq was convicted—and, of course, *Price* is not binding on this Court or the Eighth Circuit.

As-Sidiq's lawyer also could have cited *Wright*, the Tenth Circuit decision mentioned above. But in *Wright*, the Tenth Circuit merely "assume[d] without deciding that a conviction under § 152.023, subd. 1(1) may be for . . . conduct beyond § 4B1.2(b)'s definition." *Wright*, 567 F. App'x at 567. And *Wright*, like *Price*, is not binding on this Court or the Eighth Circuit.

Finally, As-Sidiq's lawyer could have cited an Eighth Circuit case that held that an offer to sell narcotics under Minnesota law was a "serious drug offense" for purposes of the Armed Career Criminal Act ("ACCA"). *See United States v. Bynum*, 669 F.3d 880, 884-88 (8th Cir. 2012). In the process of reaching this conclusion, the Eighth Circuit noted that the Guidelines' definition of "controlled substance offense" was narrower than the ACCA's definition of "serious drug offense." *See id.* at 886. In other words, the Eighth Circuit signaled that its analysis might be different under the Guidelines. *See id.* But the Eighth Circuit never stated—in dicta or otherwise—that a

conviction under § 152.023, subd. 1(1) was not a "controlled substance offense" for purposes of the Guidelines.

Unfortunately for As-Sidiq, this Court cannot meaningfully distinguish *Kelly*. If it was not ineffective assistance for defense counsel in *Kelly* to ignore Eighth Circuit dicta that could have helped his client, the Court cannot find that it was ineffective assistance for As-Sidiq's lawyer to not argue a point that the Eighth Circuit had never addressed—in dicta or otherwise. In As-Sidiq's case, as in *Kelly*, "[g]iven the absence of a clearly controlling precedent requiring a different course of action, and in light of the substantial deference we afford trial counsel," the Court cannot conclude that As-Sidiq's lawyer was constitutionally ineffective. *Kelly*, 819 F.3d at 1050-51.

As-Sidiq has a second problem: To obtain relief, As-Sidiq must prove not only that his counsel erred, but that "there is a reasonable probability that, but for [his] counsel's . . . errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. But As-Sidiq provides no reason to question the holding of the Tenth Circuit in *Wright* that Minn. Stat. § 152.023, subd. 1(1) is divisible. As-Sidiq also does not argue that, had this Court applied the modified categorical approach and consulted the *Shepard* documents, the Court would have found that either of his prior convictions was for merely offering to sell drugs. In other words, while As-Sidiq faults his trial counsel for not making the argument that As-Sidiq's two prior convictions were not

"controlled substance offenses," As-Sidiq has failed to establish that there is a "reasonable probability" that his trial counsel would have *won* that argument—and that, as a result, As-Sidiq would have received a shorter sentence. *Strickland*, 466 U.S. at 694.

There is yet another problem, ignored by the Court to this point: As-Sidiq pleaded guilty pursuant to a plea agreement, and in that plea agreement the government made significant concessions to As-Sidiq.[1] In return, As-Sidiq agreed that he would not contest that he was a career offender and that he would not seek a sentence below 120 months. In other words, under the plea agreement, As-Sidiq's counsel *could not have made* the very argument that As-Sidiq now faults him for not making.

Under the circumstances, the Court is unclear about how As-Sidiq even claims to have been prejudiced. Suppose that his attorney had recognized that he could have argued that As-Sidiq's two prior convictions were not "controlled substance offenses" for purposes of § 4B1.1 (an argument that he may very well have lost, as described above). Then what? Is As-Sidiq claiming that he would have not entered into *any* plea

---

[1] The government asserts—and As-Sidiq does not contest—that had he been convicted of Count 1 of the Third Superseding Indictment (and found to be a career offender), he would have been subjected to a mandatory minimum of at least 120 months (and possibly up to life, had the government filed an information pursuant to 21 U.S.C. § 851) and a Guidelines range of at least 262-327 months. ECF No. 407 at 2 n.1.

agreement? Or that he would have entered into a *better* plea agreement? Or that, had he gone to trial, he would have been acquitted of all charges? Or of some charges?

Based on the evidence in the record, the Court has no idea what would have happened if As-Sidiq's trial counsel had recognized that he could have argued that As-Sidiq's two prior convictions were not "controlled substance offenses" for purposes of § 4B1.1. But the burden of proof is on As-Sidiq. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) ("A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996))). As-Sidiq has not come close to proving that, but for his counsel's alleged errors, there is a "reasonable probability" that As-Sidiq would have received a lower sentence. *Strickland*, 466 U.S. at 694.

For these reasons, the Court finds that As-Sidiq's trial counsel was not ineffective for failing to argue that As-Sidiq should not have been sentenced as a career offender under § 4B1.1.

As-Sidiq makes two additional arguments in attacking the lawfulness of his sentence. *First*, As-Sidiq argues that his counsel was ineffective for failing to request a continuance until the Supreme Court issued its decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). But the Eighth Circuit has repeatedly noted that a lawyer is not ineffective just because he "fail[ed] to foresee 'a significant change in existing law,'"

*Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) (citation omitted), or "realize[] that the Supreme Court was planning a significant change in the existing law," *Horne v. Trickey*, 895 F.2d 497, 500 (8th Cir. 1990).  In any event, as As-Sidiq concedes,[2] and as this Court has repeatedly held, *Mathis* did not, in fact, change the law that was in existence at the time that As-Sidiq was sentenced.[3]  Therefore, As-Sidiq's counsel's performance did not "f[a]ll below an objective standard of reasonableness," and any error by As-Sidiq's counsel did not affect "the result of the proceeding."  *Strickland*, 466 U.S. at 688, 694.

*Second*, As-Sidiq argues that his sentence is unconstitutional because it was based on a "fundamental" misunderstanding by the Court as to As-Sidiq's career-offender status—the "fundamental" misunderstanding being that the Court failed to recognize that his two prior convictions were not "controlled substance offenses" for purposes of § 4B1.1.  *See* ECF No. 395 at 8-10.  Putting aside the fact that As-Sidiq has not established that the premise of his argument is correct, § 2255 does not provide a remedy for "all

---

[2]"It should not have been necessary to await a decision by the Supreme Court in *Mathis*, for as the Court in that case noted, the opinion merely explains existing law as set forth in *Descamps* (decided in 2013) and other cases, going back a quarter of a century . . . ."  ECF No. 395 at 7.

[3]*See United States v. Douglas*, No. 11-CR-0324 (PJS/LIB), slip op. at 6 n.4 (D. Minn. Oct. 19, 2017); *Montgomery v. United States*, No. 17-CV-0542 (PJS/LIB), slip op. at 7-9 (D. Minn. Oct. 17, 2017); *Blake v. United States*, No. 17-CV-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017); *United States v. Pape*, No. 12-CR-0251 (PJS/LIB), 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017).

claimed errors in conviction and sentencing," and "ordinary questions of guideline interpretation" generally "may not be re-litigated under § 2255," as long as the defendant's sentence does not "exceed[] the statutory maximum for the offense of conviction." *Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (en banc) (citations omitted). As-Sidiq's 10-year sentence fell well below the 20-year statutory maximum for his offense. *See* 21 U.S.C. § 841(b)(1)(C). Under these circumstances, "any notion that [As-Sidiq's] sentence as a career offender resulted in a miscarriage of justice because it was lacking in rudimentary fairness evaporates." *Sun Bear*, 644 F.3d at 706.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant LaQuedrick As-Sidiq's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF Nos. 365, 394] is DENIED.

2. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 20, 2017  	s/ Patrick J. Schiltz  
	Patrick J. Schiltz  
	United States District Judge